## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Demetrius Gresham ,**<br>**Plaintiff,**<br><br>**v.**<br><br>EGV Companies, Inc., and John/Jane Does 1-5.<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§   Civil Action No:5:20-cv-1442<br>§<br>§<br>§<br>§ |
| | |

## Plaintiff's Original Complaint

### Parties

1. The Plaintiff is Demetrius Gresham, a natural person, who was present in Texas for all calls at issue in this case, residing in Bexar County.

2. EGV Companies, Inc ("EGV"), is a Florida for profit corporation that can be served via registered agent C T CORPORATION SYSTEM 1200 South  Pine Island  Road,  Plantation, FL 33324.

### JURISDICTION AND VENUE

3. **Jurisdiction**.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claims arising under Texas Business and Commerce Code 305.053, and 17.46 because these claims: arise from the same nucleus of operative fact, i.e.,

Defendants' telemarketing calls to Plaintiff adds little complexity to the case and does not

seek money damages, so it is unlikely to predominate over the TCPA claims.

4. **<u>Personal Jurisdiction</u>.**  This Court has general and specific jurisdiction over the Defendants because

they have repeatedly placed calls to Texas residents, derive revenue from Texas residents, sells goods

and services to Texas residents, including the Plaintiff and committed a tort in Texas by violating the

TCPA. *47 US Code §227(e)(9)(g)(4)* and *The Texas Business and Commerce Code 305.053; See also*

*Tex. Civ. Prac. & Rem. Code § 17.042 (2).* This Court has specific personal jurisdiction over the

Defendants because the calls at issue were made by or on behalf of the defendants into this district,

and the Plaintiff resides in this district. *47 US Code §227(e)(9)(g)(4).*

5.  **<u>Venue</u>.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial

part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas

residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this

District  and was residing in the Western District of Texas when he received every call from the

Defendants that are the subject matter of this lawsuit This Court has venue over the Defendants

because the calls at issue were sent by or on behalf of the above named Defendants to the Plaintiff a

Texas resident. This Court has venue over the defendants because the calls at issue were sent

by or on behalf of the above named defendants to the Plaintiff, a Texas resident.


## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer

complaints regarding telemarketing.

7. The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number

assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

8.   The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

9.   The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

10. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

11.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

13.  The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular a

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

consumer's written consent to receive telemarketing robocalls must be signed and be

sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the

consequences of providing the requested consent, *i.e.*, that the consumer will receive future

calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having

received this information, agrees unambiguously to receive such calls at a telephone number

the consumer designates. In addition, the written agreement must be obtained without

requiring, directly or indirectly, that the agreement be executed as a condition of purchasing

any good or service.

15. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,

27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC

regulations "generally establish that the party on whose behalf a solicitation is made bears

ultimate responsibility for any violations."  *In the Matter of Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

16. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held

vicariously liable under federal common law principles of agency for violations of either

section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the*

*Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1

(2013).

17.  Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d

946, 951 – 52 (9th Cir. 2009).

18.  A corporate officer involved in the telemarketing at issue may be personally liable under the

TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist.

LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate

actors can be individually liable for violating the TCPA where they had direct, personal

participation in or personally authorized the conduct found to have violated the statute."

(internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408,

415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid

individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code 305.053 and 304.151

19. The Texas Business and Commerce code has an analogous portion that is related to the

TCPA and was violated in this case.

20. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or

subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### FACTUAL ALLEGATIONS

21. The Defendant EGV sales car warranty protection plans and is a registered for profit

corporation in the State of Florida.

### EGV calls to the Plaintiff

22. EGV solicits business by way of national telemarketing campaigns offering vehicle warranty

protection plans.

23. Plaintiff received multiple calls from a misleading caller ID's number designed to trick

consumers into picking up the phone by using the same area code number as the consumer.

This deceptive tactic leads the consumer into believing a hometown friend, family member or

important concern is calling when in fact the Defendant EVG is in another geographic

location entirely with no physical presence in the area presented by the caller ID.  These calls

were placed on behalf of Defendants. Below are some of the calls placed, but is not an

exhaustive list.

| CID | Date | Calls to 210-268-5543 |
|---|---|---|
| 210-268-5944 | 11/27/2019 | |
| 210-268-1280 | 01/8/2020 | |
| 210-899-0183 | 07/17/2020 | |
| 261-872-4152 | 10/28/2020 | |
| 920-289-9502 | 10/7/2020 | |

24. The calls to Plaintiff were for the purpose of selling a car warranty agreement.

25. The 210 area code used by Defendants to solicit Plaintiff  is a southeast Texas area code. Defendants reside in the State of Florida.

26. The Defendants were soliciting Plaintiff to purchase a car warranty agreement without the Defendants maintaining an internal, written do-not-call policy.

27. Defendants knew full well that their employees were making calls without maintaining an internal, written do-not-call policy and making calls from misleading caller ID numbers.

28. Mr. Gresham has limited data storage capacity on his cellular telephone. Incoming calls from EGV and its employees consumed part of this capacity. Plaintiff's privacy was invaded.

29. The calls were unwanted by the Plaintiff.

30. No emergency necessitated any of  the calls at issue.

31.  Each call was sent by an Automated Telephone Dialing System (ATDS).

**EGV Knowing and  Willful Violations of Telemarketing Regulations**

32. Annoyed by the frequency of the calls from Defendants, on or about November 3, 2020 Mr. Gresham asked for an internal do-not-call policy and the Defendants indicated they did not have a written internal do-not-call policy to send him.

33. Defendants knowingly violated the TCPA by initiating ATDS calls to the Plaintiff.

34. Defendants never sent Mr. Gresham a do-not-call policy.

35.  On information and belief, Defendants did not have a written do-not-call policy while it was

contacting Plaintiff with unsolicited calls.

36.  On information and belief, Defendants did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

37. Defendants knowingly used misleading caller ID information while making calls to Plaintiff.

**EGV Illegal Telemarketing Practices**

38.  At all times relevant to the claims alleged herein, Defendants were aware its employees were sending ATDS calls en masse to people, including Plaintiff and had received numerous complaints through the Better Business Bureau.

https://www.bbb.org/us/mo/chesterfield/profile/auto-warranty-services/egv-companies-inc-0 734-310617783/complaints

39.  Defendants had the power to stop these spam campaigns.

40. Defendants had the power to fire the managers and employees taking part in the day-to-day operations of these telemarketing operations. Despite complaints about these practices, Defendants continued to use the services of the exact same telemarketers and/or employees.

41. Defendants allowed the calls to continue and the responsible managers to keep their jobs—despite their knowledge of the do-not-call complaints from recipients of these calls.

**The Plaintiff's cell phone is a residential number**

42. The calls at issue here were to the Plaintiff's cellular phone 210-268-5543, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

**Violations of the Texas Business and Commerce Code 305.053**

43. The actions of the defendants violated the Texas Business and Commerce Code 305.053 by placing ATDS calls to a cell phone which violates 47 USC 227(b).

44. The calls by the defendants violated Texas law by displaying misleading caller ID information per 47 USC 227(e) which in turn violates the Texas statute.

## I.   FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls calls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. Gresham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency robocalls calls to Mr. Gresham's cellular telephone using ATDS and pre-recorded messages without his prior express written consent.

3. Mr. Gresham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Gresham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Gresham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency ATDS and pre-recorded message calls to cellular telephone numbers without the prior express written consent of the called party.

## II.  SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against all Defendants)

6.      Mr. Gresham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.      The foregoing acts and omissions of Defendants  and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a.      a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

b.      training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3]

c.      failing to identify telephone number or address during the calls at issue in violation of 47 C.F.R. § 64.1200(d)(4).

8.      Mr. Gresham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9.      Mr. Gresham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10.      Mr. Gresham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they implement a do-not-call list and training thereon.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

### III. THIRD CLAIM FOR RELIEF:

**Violations of The Texas Business and Commerce Code 305.053**

**(Against all Defendants)**

11.     Mr. Gresham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 305.053 by making non-emergency ATDS calls to Mr. Gresham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq and using a misleading caller ID information while doing so. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13.     Mr. Gresham is entitled to an award of at least $500 in damages for each such violation. *Texas Business and Commerce Code 305.053(b)*

14.     Mr. Gresham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. *Texas Business and Commerce Code 305.053(c).*

WHEREFORE, Plaintiff Demetrius Gresham prays for judgment against the Defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $3000.00 per call in statutory damages arising from the TCPA's intentional violations jointly and severally against the corporation and individual for each and every call.

E.      An award of $1,500 in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053.

F.      An award to Mr. Gresham of damages, as allowed by law under the TCPA;

G.      An award to Mr. Gresham of interest, costs and attorneys' fees, as allowed by law and equity under Texas Business Code 17.46.

H.      Such further relief as the Court deems necessary, just, and proper.

Respectfully submitted:

/s/ Leland McRae
_____

**Leland Garrett McRae**
**SBN 24086374**
**1150 N. Loop 1604 W, Ste 108-461**
**San Antonio, TX  78248**
**Phone: 210-569-0434**
**FAX: 210-493-6080**
**EMAIL: leland@lelandmcrae.com**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Original Complaint was served on all named Defendant(s), EGV Companies, Inc. who can be served via registered agent C T CORPORATION SYSTEM 1200 South  Pine Island  Road, Plantation, FL 33324.

/s/ Leland McRae

_____

 Leland McRae

Attorney for Plaintiff